<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARRYL DAVIS, | : | Civil Action No. 02-3461 (AET) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    DARRYL DAVIS, #979694A
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner <u>Pro</u> <u>Se</u>

    DEBRA A. OWENS, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL
    Division of Criminal Justice
    Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

<u>THOMPSON</u>, District Judge

    Darryl Davis filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction for murder in the Superior Court of New Jersey, Mercer County. Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the statute of limitations, 28 U.S.C. § 2244(d). For the reasons expressed below, the Court dismisses the Petition as untimely, and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Essex County, on December 24, 1992, after a jury found him guilty of murder, felony murder, robbery and theft.  The Law Division merged the felony murder conviction into the murder conviction and merged the theft conviction into the robbery conviction, and sentenced Petitioner to life imprisonment, with a 30-year term of parole ineligibility, and a consecutive term of 20 years, with 10 years of parole ineligibility.  Petitioner appealed, and on July 5, 1995, the Superior Court of New Jersey, Appellate Division, affirmed the conviction.  The New Jersey Supreme Court denied Petitioner's petition for certification on January 4, 1996.  State v. Davis, 143 N.J. 325 (1996).

Petitioner also filed his first federal habeas petition challenging this judgment of conviction in this Court on February 16, 1994.  See Davis v. Morton, Civil No. 94-757 (AET) (D.N.J. filed Feb. 16, 1994).  The petition raised lack of personal and subject matter jurisdiction.  On April 19, 1994, this Court granted the State's motion to dismiss the petition without prejudice for failure to exhaust available State court remedies.  Petitioner filed a notice of appeal and the United States Court of Appeals for the Third Circuit construed the notice of appeal as a request for a certificate of appealability and denied the request on July 5, 1994.

Petitioner signed his first state petition for post-conviction relief on November 5, 1997. (Answer, Exhibits 8 & 11)  The Clerk of the Law Division of the Superior Court of New Jersey received the petition and filed it on March 4, 1998, with Petitioner's supporting brief.  The Law Division denied relief on October 18, 1999.  Petitioner appealed and in an opinion filed May 1,

2001, the Appellate Division affirmed.  On July 16, 2001, the New Jersey Supreme Court denied certification.

Petitioner handed the § 2254 Petition, which is now before this Court, to prison officials on July 11, 2002, for mailing to the Clerk.  The Clerk received it on July 19, 2002.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts five grounds, none of which raises a right newly recognized by the United States Supreme Court.  The grounds are as follows:  (1) Petitioner was denied counsel during the initial interrogation in violation of the Sixth Amendment; (2) Petitioner's oral and written statements were obtained in violation of his Fifth Amendment right to be free of self-incrimination; (3) Petitioner was denied the effective assistance of counsel throughout the criminal proceeding; (4) the trial court's failure to instruct the jury in regard to Petitioner's out of court statements and the instructions on self-defense and murder violated his right to due process guaranteed by the Fourteenth Amendment; and (5) the trial court violated his Fifth Amendment right against self-incrimination by allowing the State to use Petitioner's testimony, which was given in support of his motion to suppress, to impeach his testimony at trial.  (Pet. ¶ 12.A. to 12.E.)

Respondents filed a motion to dismiss the Petition as untimely, which this Court denied by Opinion and Order entered June 26, 2003, because the Court could not determine from the face of the Petition and without the record the time period during which the statute of limitations was statutorily pursuant to 28 U.S.C. § 224(d)(2).  Respondents thereafter filed an Answer, with

3

relevant portions of the state court record. Although this Court granted Petitioner's motion for an extension of time to file a traverse, Petitioner did not file a traverse or reply to the Answer.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or

4

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon,

5

322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began to run on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The limitations period was not statutorily tolled at any time between April 24, 1996, and April 23, 1997, because no application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim was pending during this period.[1] Id. Petitioner did not file the § 2254 Petition until July 11, 2002. Therefore, unless Petitioner is entitled to equitable tolling, the Petition was untimely because it was not filed until after the limitations period expired.

Although Respondents raised the statute of limitations as an affirmative defense in the Answer and this Court granted Petitioner's motion to extend the time to file a traverse or reply, Petitioner has not filed a reply or otherwise argued that the limitations period should be equitably tolled. The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling. Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations and dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

---

[1] Petitioner did not execute his first state post conviction relief petition until November 5, 1997, after the one-year statute of limitations expired on April 23, 1997. Because the statute of limitations had already expired at the time Petitioner executed his first PCR petition, the filing of collateral relief did not statutorily toll the limitations period.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.

                                                    s/Anne E. Thompson
                                                  ANNE E. THOMPSON, U.S.D.J.

DATED: October 19, 2005